# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  January 31, 2025

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* | \* | |
| GREGORY SEEI, | \* | No. 18-1703V |
| | \* | |
| Petitioner, | \* | Special Master Young |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* | | |

*Jonathan Joseph Svitak*, Shannon Law Group, P.C., for Petitioner;
*Voris Edward Johnson*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On November 2, 2018, Gregory Seei ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-10 to -34 (2018)[2] (the "Vaccine Act" or "Program"). Petitioner alleged that the influenza ("flu") vaccine he received on November 17, 2016, and the hepatitis A ("hep A") and hepatitis B ("hep B") vaccines he received on November 28, 2016, caused him to suffer from chronic inflammatory demyelinating polyneuropathy ("CIDP"). Pet. at 1, 16, ECF No. 1. On February 8, 2024, the parties filed a joint stipulation, which I adopted as my decision awarding compensation on the same day. ECF No. 51.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On April 2, 2024, Petitioner filed a final motion for attorneys' fees and costs. ("Pet'r's Mot. for AFC") (ECF No. 56). Petitioner requests total attorneys' fees and costs in the amount of $46,018.11, representing $36,964.40 in attorneys' fees, and $9,053.71 in attorneys' costs. Pet'r's Mot. for AFC at 2. Pursuant to General Order No. 9, Petitioner states that he has not personally incurred any costs in this case. *Id.* at 3. Respondent responded to the motion on April 9, 2024, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 57). Petitioner did not file a reply.

This matter is now ripe for consideration.

## I.    Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of her or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A.     Reasonable Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

Petitioner requests the following hourly rates for the work of his counsel, Mr. Jonathan Svitak: $238.00 per hour for work performed in 2018, $255.00 per hour for work performed in 2019, $280.00 per hour for work performed in 2020, $310.00 per hour for work performed in 2021, $350.00 per hour for work performed in 2022, $380.00 per hour for work performed in 2023, and $410.00 per hour for work performed in 2024. Additionally, for paralegals, Petitioner requests $163.00 per hour for work performed in 2020, $172.00 per hour for work performed in 2021, $177.00 per hour for work performed in 2022, $186.00 per hour for work performed in 2023, and $197.00 per hour for work performed in 2024. The rates requested are consistent with what counsel have previously been awarded for his Vaccine Program work, and I find them to be reasonable herein.

### B.     Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, I find the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, I do not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $36,964.40.

### C.     Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $9,053.71 in attorneys' costs comprised of acquiring medical records, the Court's filing fee, and expert fees. Pet'r's Mot. for AFC, Ex. C at 1.

Petitioner's neurology expert, Justin Willer, MD, charged a total of $7,965.00. Petitioner submitted three requests for Dr. Willer, including one invoice for 9.8 hours at a rate of $550.00 per hour, the second for a flat rate of $375.00, and there's a third payment for $2,200.00. *See*

---

[3] The OSM Fee Schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

Fees App. Ex. C at 2, 5, 14. Counsel was advised that there was no invoice or accounting for the $375.00 payment or the $2,200.00 payment and that these amounts needed to be supported by an invoice with a detailed accounting of Dr. Willer's tasks, time, and rate. In response, Petitioner filed a timesheet provided by petitioner's counsel and an expert fee schedule provided by National Medical Consultants, P.C. *See* Fees App. Ex. D.

Per the Guidelines for Practice Under the National Vaccine Injury Compensation Program, "[t]he application for payment of experts' fees and costs must contain the same supporting documentation that is required for attorneys' fees and costs. In particular, the expert's services must be identified with particularity in contemporaneous, dated records indicating the amount of time spent on each task . . . **With regard to attorneys' fees and experts' fees, the particular tasks for which fees are claimed, the amount of time spent on that task, the person who performed the task, and that person's billed hourly rate must be identified in contemporaneous, dated records**." *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78 (emphasis added).[4]

It is incumbent upon counsel to apprise any and all experts they retain regarding the specific requirements for preparing invoices in the Vaccine Program. Furthermore, Petitioner's counsel must provide sufficient evidence to warrant approval of an expert's hourly rate. *See Vogler v. Sec'y of Health & Human Servs.*, No. 11-424V, 2013 WL 1635860, at *2 (Fed. Cl. Spec. Mstr. Mar. 24, 2013); *O'Neill*, 2015 WL 2399211, at *2, *15.

Petitioner, even in his supplemental filing, did not provide the particular tasks for which Dr. Willer's fees were claimed, the amount of time he spent on each task, and Dr. Willer's billed hourly rate identified in contemporaneous, dated records. Nevertheless, I will in this case reimburse these expert-related costs in full. Petitioner's counsel should be aware that any future requests for experts' costs may result in a curtailed award if the supporting documents do not meet the Vaccine Program's requirements. In awarding the full amount of costs sought, I am not specifically endorsing any particular hourly rate for Dr. Willer. Rather, in light of the work product submitted into the record by Dr. Willer, I find that the total amount for his work is reasonable.

Additionally, the other costs incurred by Petitioner's counsel are typical administrative costs incurred in the Vaccine Program. Therefore, Petitioner is entitled to recover the full amount of his requested costs in the amount of $9,053.71.

## II.     Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioner and his counsel as follows:

---

[4] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/sites/cfc/files/vaccine_guidelines.pdf

| | |
|---|---|
| Attorneys' Fees Requested | $36,964.40 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$36,964.40** |
| | |
| Attorneys' Costs Requested | $9,053.71 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$9,053.71** |
| | |
| **Total Attorneys' Fees and Costs** | **$46,018.11** |

**Accordingly, I award a lump sum in the amount of $46,018.11 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED**.

s/Herbrina Sanders Young<br>
Herbrina Sanders Young<br>
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.